SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
GUYLYN R. CUMMINS, Cal. Bar No. 122445
gcummins@sheppardmullin.com
VALERIE E. ALTER, Cal. Bar No. 239905
valter@sheppardmullin.com
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone: 619.338.6500
Facsimile: 619.234.3815

Attorneys for Defendants
CLEAR CHANNEL
COMMUNICATIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

BRENT BATEMAN,

Plaintiff,

v.

ASSOCIATE PRESS, TIME WARNER, NEWS COPR, VIACOM, INC., NBC UNIVERSAL, WALT DISNEY COMPANY, COMPCAST, CCC;

Defendant(s).

Case No. 2:12-cv-09291-MWF-JC

**DEFENDANT CLEAR CHANNEL COMMUNICATIONS, INC.'S**

**(1) NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; AND**

**(2) MEMORANDUM OF POINTS AND AUTHORITIES**

Date: January 28, 2013
Time: 10:00 a.m.
Location: Courtroom 1600

[Complaint Filed: November 13, 2012
Complaint Served: December 7, 2012]

[Proposed Order lodged concurrently herewith]

TO THE ABOVE-CAPTIONED COURT AND TO ALL PLAINTIFF BRENT BATEMAN:

PLEASE TAKE NOTICE that on January 28, 2013 at 10:00 a.m., or as soon as possible thereafter as counsel can be heard in Courtroom 1600 of the United States Courthouse, 312 North Spring Street, Los Angeles, CA 90012-4701, the Honorable Michael W. Fitzgerald, presiding, Defendant Clear Channel Communications, Inc., (referred to in the Complaint as "CCC" and hereafter referred to as "Clear Channel") will and hereby does move the Court for an order pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6) dismissing Plaintiff Brent Bateman's ("Plaintiff") Complaint.

The motion to dismiss is made on the grounds that none of Plaintiffs' causes of action against Clear Channel state a claim upon which relief may be granted, as follows:

The Entire Complaint: Plaintiff's Complaint in its entirety does not comply with Rule 8. Plaintiff makes no allegations specific to Clear Channel, let alone allegations that are sufficient to put Clear Channel on notice of the claims against it. Plaintiff's Complaint as a whole also fails because it is nothing more than an attempt to compel media companies to publish a story about his film and the alleged conspiracy involving President Obama's birth certificate. The First Amendment does not countenance such compelled publication.

Cause of Action for Violation of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §1962(c): Plaintiff fails to allege any racketeering activity, let alone a pattern thereof. Moreover, Plaintiff fails to allege the predicate act of wire fraud with specificity.

Cause of Action for Violation of the Clayton Antitrust Act: Plaintiff fails to allege his claim for "conspiracy to commit fraud" with particularity. Moreover, Plaintiff fails to allege antitrust injury.

In support of these motions, Clear Channel relies on the attached Memorandum of Points and Authorities, any other matters of which the Court may take judicial notice, and any argument that may be presented to the Court in connection with this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which counsel for Clear Channel attempted to initiate on December 20, 2012. Plaintiff, however, informed counsel that he refused to meet and confer until after a purported hearing on January 7, 2013, even though counsel informed Plaintiff that there was no motion on calendar for January 7, 2013 and Clear Channel's response must be filed by December 28, 2012. (*See* Docket No. 13.)

Dated: December 26, 2012

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s *Valerie E. Alter*
VALERIE E. ALTER

Attorneys for Defendants
CLEAR CHANNEL COMMUNICATIONS, INC.

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION AND SUMMARY OF ALLEGATIONS IN THE COMPLAINT .......... 1

II. PLAINTIFFS' CLAIMS AGAINST CLEAR CHANNEL SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6) .......... 2

A. Standard For Granting A Motion To Dismiss Pursuant To Rule 12(b)(6) .......... 2

B. Plaintiff's Entire Complaint Fails Rule 8's Basic Pleading Requirements. .......... 3

C. Plaintiff's Entire Complaint Appears To Seek A Compelled Publication, Which Would Violate Clear Channel's First Amendment Rights .......... 4

D. To The Extent That Plaintiff Attempts To Allege A Violation Of The RICO Statute, His Claim Fails. .......... 5

E. Plaintiff's Clayton Act Claim Fails. .......... 8

III. CONCLUSION .......... 10

## TABLE OF AUTHORITIES

Page(s)

Federal Cases

*Anderson v. Liberty Lobby, Inc.*
477 U.S. 242 (1986) .......... 3

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) .......... 2

*Assocs. & Aldrich Co. v. Times Mirror Co.*
440 F. 2d 133 (9th Cir. 1971) .......... 5

*Balistreri v. Pacifica Police Dep't*
901 F.2d 969 (9th Cir. 1988) .......... 2

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007) .......... 2

*Franchise Realty Interstate Corp. v. S.F. Local Joint Executive Bd. Of Culinary Workers*
542 F.2d 1076 (9th Cir. 1976) .......... 2

*Glen Holly Entertainment, Inc. v. Tektronix*
352 F.3d 367 (9th Cir. 2003) .......... 9

*Hustler Magazine v. Falwell*
485 U.S. 485 U.S. 46 (1988) .......... 5

*Ivey v. Bd. of Regents*
673 F.2d 266 (9th Cir. 1982) .......... 3

*Miami Herald Publishing Company v. Tornillo*
418 U.S. 241 (1974) .......... 4, 5

*Neubronner v. Milken*
6 F.3d 666 (9th Cir. 1993) .......... 7

*Pacific Gas & Elec. Co. v. Public Util. Comm'n*
475 U.S. 1 (1986) .......... 5

*Paladin Assocs., Inc. v. Mont. Power Co.*
328 F.3d 1145 (9th Cir. 2003) .......... 9

*Rebel Oil Co. v. Atl. Richfield Co.* 51 F.3d 1421 (9th Cir. 1995) ....................9

*Sanford v. Memberworks, Inc.* 625 F.3d 550 (9th Cir. 2010) .................... 5, 6

*Schmidt v. Herrmann* 614 F.2d 1221 (9th Cir. 1980) ....................3

*Schreiber Distributing v. Serv-Well Furniture* 806 F.2d 1393 (9th Cir. 1986) ....................7

*U.S. v. Pelisamen* 641 F.3d 399 (9th Cir. 2011) ....................7

*United States v. Rodriguez* 761 F.2d 1339 (9th Cir. 1985) ....................6

*United States v. United Foods, Inc.* 533 U.S. 405 (2001)....................4

*Vess v. Ciba-Geigy Corp., USA* 317 F.3d 1097 (9th Cir. 2003) .................... 7, 9

*Winestock v. Immigration & Naturalization Serv* 576 F.2d 234 (9th Cir. 1978) ....................7

*Wooley v. Maynard* 430 U.S. 705 (1977)....................4

State Cases

*Arp Phramacy Services, Inc. v. Gallagher Bassett Services, Inc.* 138 Cal.App.4th 1307 (2006) ....................5

*Blatty v. New York Times Co.* 42 Cal.3d 1033 (1986) ....................5

*Gerawan Farming, Inc. v. Lyons* 24 Cal.4th 468 (2000) ....................5

*Reader's Digest Ass'n v. Superior Court* 37 Cal.3d 244 (1984) ....................3

Federal: Statutes, Rules, Regulations, Constitutional Provisions

18 U.S.C. § 471 ....................................................................................................6

18 U.S.C. § 472 ....................................................................................................6

18 U.S.C. § 1426 ..................................................................................................7

18 U.S.C. § 1951 ..................................................................................................8

18 U.S.C. § 1961(1) .............................................................................................6

18 U.S.C. § 1962(c)...............................................................................................1

FED. R. CIV. P. 8(a)...............................................................................................3

FED. R. CIV. P. 9(b)...............................................................................................7

FED. R. CIV. P. 12(b)(6).........................................................................................2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ALLEGATIONS IN THE COMPLAINT

Plaintiff Brent Bateman ("Plaintiff") believes that President Obama was born in Kenya, and that his United States birth certificate is a forgery. He produced a documentary film, FRAUD, which chronicles the President's alleged fraud. (Complaint 4:10-25.) The sum and substance of Plaintiff's Complaint is that Defendant Associated Press did not sufficiently vet the President's birth certificate and declined to report on Plaintiff's film. (*Id.* 6:2-15, 20-23.) It is unclear how Plaintiff's allegations relate in any way to Defendant Clear Channel Communications, Inc. ("Clear Channel"), which Plaintiff calls "CCC." Nonetheless, Plaintiff purports to assert claims against "all Defendants" including Clear Channel for violation of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §1962(c), and the Clayton Act, based on the above facts.

Plaintiff's claims against Clear Channel fail for four reasons:

- *First*, Plaintiff's Complaint as a whole does not satisfy Rule 8. Plaintiff has not pled *any* facts specifically relating to Clear Channel, let alone sufficient facts to put Clear Channel on notice of the claims against it.
- *Second*, Plaintiff's Complaint as a whole fails because it is nothing more than an attempt to compel media companies to publish a story about his film and the alleged conspiracy involving President Obama's birth certificate. The First Amendment does not countenance such compelled publication.
- *Third*, Plaintiff's RICO claim should be dismissed because he does not allege any racketeering activity, let alone a pattern

thereof. Moreover, Plaintiff fails to allege the predicate act of wire fraud with particularity.

- *Fourth*, Plaintiff's Clayton Act claim should be dismissed because Plaintiff fails to plead that claim—which is based on an alleged "conspiracy to commit fraud"—with particularity. Moreover, Plaintiff does not allege any antitrust injury.

Thus, Clear Channel respectfully requests that Plaintiff's Complaint be dismissed.

## II.
## PLAINTIFFS' CLAIMS AGAINST CLEAR CHANNEL SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6)

### A.   Standard For Granting A Motion To Dismiss Pursuant To Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of claims asserted in a complaint. A claim should be dismissed where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 969, 699 (9th Cir. 1988). A plaintiff must do more than allege "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint must at least allege sufficient facts "to raise a right to relief above a speculative level." *Id.* Federal Rule of Civil Procedure 8 "does not empower respondent to plead the bare elements of his cause of action . . . and expect his complaint to survive a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

Moreover, the First Amendment is important, even at the pleading stage. "[W]here a plaintiff seeks damages . . . for conduct which is *prima facie* protected by the First amendment, the danger that the mere pendency of the action will chill the exercise of the First Amendment rights requires more specific allegations than would otherwise be required." *Franchise Realty Interstate Corp. v. S.F. Local Joint Executive Bd. Of Culinary Workers*, 542 F.2d 1076, 1082-83 (9th Cir. 1976). Early

dispositive motions have long been universally favored to resolve free speech cases, as expensive, protracted litigation has an intolerable chilling effect on the exercise of free speech. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party"); *cf. Reader's Digest Ass'n v. Superior Court*, 37 Cal.3d 244, 251 (1984) (summary dismissal of libel claims is a favored remedy due the chilling effect of litigation on free speech). Accordingly, for reasons stated below, this motion should be granted.

**B. <u>Plaintiff's Entire Complaint Fails Rule 8's Basic Pleading Requirements.</u>**

Rule 8 provides:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). Plaintiff's Complaint contains no allegations whatsoever that are specific to Clear Channel. On the contrary, Plaintiff makes vague and unintelligible claims against the Associated Press. It is unclear which causes of action Plaintiff alleges, or against whom, such that Clear Channel can formulate a meaningful response to Plaintiff's Complaint. Thus, Plaintiff's Complaint should be dismissed as to Clear Channel for failure to comply with Rule 8. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) (explaining that vague allegations are not sufficient to withstand a motion to dismiss); *Schmidt v. Herrmann*, 614 F.2d 1221, 1223-1224 (9th Cir. 1980) (affirming a dismissal with prejudice where the pleadings were "confusing, distracting, ambiguous, and unintelligible").

**C. Plaintiff's Entire Complaint Appears To Seek A Compelled Publication, Which Would Violate Clear Channel's First Amendment Rights**

While it is unclear how any of Plaintiff's allegations relate in any way to Clear Channel, even assuming *arguendo* that Plaintiff attempted to state a claim based on Clear Channel's decision not to report on Plaintiff's film, such allegations fail to support a viable claim under the First Amendment. (Complaint 6:2-15, 20-23, *passim*.)

The First Amendment to the United States Constitution protects against compelled speech. "Just as the First Amendment may prevent the government from prohibiting speech, the Amendment may prevent the government from compelling individuals to express certain views. . . . " *United States v. United Foods, Inc.*, 533 U.S. 405, 410 (2001) (citations omitted). For example, the United States Supreme Court has held that drivers in the state of New Hampshire could not be punished for obscuring the state's motto, "Live Free or Die," on license plates, because doing so would force drivers who object to this sentiment to be associated with "an idea they find morally objectionable." *Wooley v. Maynard*, 430 U.S. 705, 715 (1977).

Freedom of press protections are equally strong. In *Miami Herald Publishing Company v. Tornillo,* 418 U.S. 241 (1974), the Supreme Court held that a Florida statute requiring newspapers which assail the character of political candidates to afford free space to those candidates for reply is unconstitutional as its violates the First Amendment's free press guarantee. *Id.* at 256. The Court stated:

> A newspaper is more than a passive receptacle or conduit for news, comment, and advertising. The choice of material to go into a newspaper, and the decisions made as to limitations on the size and content of the paper, and treatment of public issues and public officials—whether fair or unfair—constitute the exercise of editorial control and judgment. It has yet to be demonstrated how

> governmental regulation of this crucial process can be exercised consistent with First Amendment guarantees of a free press as they have evolved to this time."

*Id.* at 258. *Accord Pacific Gas & Elec. Co. v. Public Util. Comm'n,* 475 U.S. 1, 16 (1986) (holding the "choice to speak includes within it the choice of what not to say."); *Assocs. & Aldrich Co. v. Times Mirror Co.*, 440 F. 2d 133, 135-136 (9th Cir. 1971) (holding newspapers cannot be compelled to publish advertising in violation of its editorial control, even if it has attained substantial monopoly in its area).

California's Constitution compels the same result. *Arp Phramacy Services, Inc. v. Gallagher Bassett Services, Inc.*, 138 Cal.App.4th 1307, 1313 (2006), citing, *Gerawan Farming, Inc. v. Lyons* (2000) 24 Cal.4th 468, 491); *Blatty v. New York Times Co.*, 42 Cal.3d 1033, 1042 (1986) (dismissing claims for failure to list author's book on best seller list, as you cannot pled around First Amendment prerequisites for speech-based claims; failure to list author was not "of and concerning" plaintiff author or his novel, and therefore not actionable).

Accordingly, any purported claim based on Clear Channel's refusal to report on or publicize Plaintiff's documentary cannot withstand First Amendment scrutiny and courts may not compel such speech to occur. Plaintiff also cannot plead around the First Amendment to state any other viable claim. *Hustler Magazine v. Falwell,* 485 U.S. 485 U.S. 46, 56-57 (1988) (barring emotional distress claims)*; Blatty v. New York Times, supra, 42 Cal.3d at pp. 1041-1045* (barring business interference claims.

**D. To The Extent That Plaintiff Attempts To Allege A Violation Of The RICO Statute, His Claim Fails.**

To state a civil RICO claim, "a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sanford v. Memberworks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010). Plaintiff's RICO claim fails because he has not alleged any "racketeering activity," let alone pattern thereof.

"Racketeering activity is any act indictable under several provisions of Title 18 of the United States Code, and includes the predicate acts of mail fraud, wire fraud and obstruction of justice." *Sanford*, 625 F.3d at 557 (internal quotations omitted). *See also* 18 U.S.C. §1961(1) (defining "racketeering activity" to include "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical. . . , which is chargeable under State law and punishable by imprisonment for more than one year" and specific sections of Title 18). Here, Plaintiff alleges that Defendants collectively

> are in direct and blaring violation of the RICO Act of 1964, specifically related to multiple sections that include: sections 471, 472, and 473 relating to counterfeiting, section 1343 related to their direct violation of wire fraud, section 1426 related to reproduction of naturalization of citizenship papers, section 1951 related to inference to commerce and extortion.

(Complaint 1:22-26.) Although Plaintiff has mouthed the words of numerous predicate acts, he does not plead facts sufficient to even suggest that Clear Channel committed any of those acts, let alone a pattern of them.

Plaintiff first attempts to allege the predicate act of counterfeiting. To do so, Plaintiff must allege that Clear Channel made (§471), possessed (§472), or pass off (§473) counterfeit currency. *See* 18 U.S.C. § 471 ("Whoever, with intent to defraud, falsely makes, forges, counterfeits, or alters any obligation or other security of the United States, shall be fined under this title or imprisoned not more than 20 years, or both."); *United States v. Rodriguez*, 761 F.2d 1339, 1340 (9th Cir. 1985) ("To support a conviction for possession of counterfeit currency with intent to defraud under 18 U.S.C. § 472, the government must prove three elements: (1) possession of counterfeit money; (2) knowledge, at the time of possession, that the money is

counterfeit; and (3) possession with intent to defraud."); *Winestock v. Immigration & Naturalization Serv*, 576 F.2d 234, 235 (9th Cir. 1978) (Section 473 "it requires an intent to pass off, as genuine, obligations that are in fact counterfeit."). Plaintiff's Complaint does not explain how the Associate Press's alleged failure to report on his documentary relates to counterfeit United States currency, let alone any malfeasance by Clear Channel.

Plaintiff next attempts to allege the predicate act of wire fraud, which required Plaintiff to allege "(1) the existence of a scheme to defraud; (2) the use of wire, radio, or television to further the scheme; and (3) specific intent to defraud." *U.S. v. Pelisamen*, 641 F.3d 399, 409 (9th Cir. 2011). Moreover, because Plaintiff attempts to state a RICO claim based on a predicate act involving fraud, he must plead the claim with specificity pursuant to Federal Rule of Civil Procedure Rule 9(b). *Schreiber Distributing v. Serv-Well Furniture*, 806 F.2d 1393, 1400-01 (9th Cir. 1986). In other words, Plaintiff must have alleged "the times, dates, places, benefits received, and other details of the alleged fraudulent activity, *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993), *i.e.*, "who, what, when, where, and how" the fraud occurred, *Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Plaintiff's vague allegations that Associated Press declined to report on his documentary does not even come close to meeting this standard.

Third, 18 U.S.C. §1426 concerns the reproduction of naturalization or citizenship papers. Plaintiff alleges that President Obama's birth certificate is a fraud, and that "the Associated Press released an altered document to the world different from the While House released document by the Barack Hussein Obama Administration." (Complaint 4:17-19, 6:25-27.) Plaintiff, however, does not allege a single fact in support of this wild conclusion. He does not even state what the Associated Press allegedly changed. Such vague and conclusory allegations cannot

give rise to a RICO claim against Clear Channel based on the illegal reproduction of naturalization or citizenship papers.[1]

Finally, Plaintiff attempts to allege a predicate act of violation of 18 U.S.C. §1951, which criminalizes any act that "obstructs, delays, or affects commerce. . . by robbery or extortion . . . or threatens physical violence. . . ." Plaintiff has alleged that he has received "more than 25 death threats via his film production companies web site . . . and more recently, a phone call. . . threaten[ing] to cut his head off and blow-up (with a bomb) the Houston, Texas theater premier" of his film. (Complaint 4:20-23.) While it is regrettable that Plaintiff has had threats made against him, Plaintiff does not allege—nor can he—that Clear Channel (or any of the other Defendants) was in any way responsible for those threats. Thus, § 1951 cannot serve as a predicate act for Plaintiff's RICO claim. Having alleged no predicate act, Plaintiff's RICO claim fails and must be dismissed.

**E. Plaintiff's Clayton Act Claim Fails.**

Plaintiff alleges that

> The Associated Press, along with 100% of its members, including all listed Defendants in said complaint, along with, inadvertently, all paying subscribers to the Associated Press products and services from all over the United States and the world have engaged in a conspiracy to commit fraud by virtue of the 'rule of reason' clause defined in the Clayton Anti Trust Act of 1914, . . . .

[1] Plaintiff also alleges "counterfeiting by the Associate Press, via its paying subscribers, and 100% of its members of said documents, including a fake Osama Bin Laden death photo hoax, released by the Associated Press and redacted within a few days." (*Id.* 7:1-3.) That allegation, however, has nothing to do with naturalization papers.

> specifically relating to 'exclusive dealing agreements,' which the Associated Press has with each member . . .

(Complaint 3:4-14.) This claim—to the extent it is even possible to discern Plaintiff's allegations—fails first because Plaintiff fails to allege the "conspiracy to commit fraud" with any particularity, let alone that required by Rule 9(b). *See Vess*, 317 F.3d at 1106. The claim additional fails because Plaintiff has not alleged antitrust injury—an essential element of a Clayton Act claim. *See Glen Holly Entertainment, Inc. v. Tektronix*, 352 F.3d 367, 371 (9th Cir. 2003). "Antitrust injury is defined not merely as injury caused by an antitrust violation, but more restrictively as 'injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful." *Id.* Here, Plaintiff does not allege that he was injured by an alleged violation of the Clayton Act, let alone that his injury was of the type that the antitrust laws were designed to prevent, *i.e.*, an injury resulting from any "anticompetitve" behavior on behalf of Defendants or Clear Channel specifically. On the contrary, the thrust of Plaintiff's Complaint is that the Associated Press did not report on his documentary. That is certainly not the type of purported injury that the antitrust laws were designed to protect against. Thus, Plaintiff's claim for violation of the Clayton Act should be dismissed.[2]

[2] At times, Plaintiff also claims that the Associated Press "willfully committed felony fraud under the Sherman Anti-Trust Act." (Complaint 6:27-7:1.) Although it is entirely unclear whether Plaintiff intends to allege a Sherman Act claim, let alone one against Clear Channel, such a claim would fail for the same reasons that Plaintiff's purported Clayton Act claim fails: Plaintiff has not alleged fraud with specificity and does not allege an antitrust injury. *Rebel Oil Co. v. Atl. Richfield Co.*, 51 F.3d 1421, 1432 (9th Cir. 1995); 51 F.3d at 1433, 1443-45, 1448; *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1163 n. 22 (9th Cir. 2003); *Vess*, 317 F.3d at 1106.

## III. CONCLUSION

For the reasons set forth above, Clear Channel respectfully requests that the Court dismiss Plaintiff's Complaint.

Dated: December 26, 2012

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s *Valerie E. Alter*
VALERIE E. ALTER

Attorneys for Defendants
CLEAR CHANNEL COMMUNICATIONS, INC.

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 1901 Avenue of the Stars, Suite 1600, Los Angeles, CA 90067-6055.

On December 26, 2012, I served true copies of the following document(s) described as:

**DEFENDANT CLEAR CHANNEL COMMUNICATIONS, INC.'S**

**(1) NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; AND**

**(2) MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

Brent Bateman
5207 Beeman Avenue
Valley Village, CA 91607
Telephone: (310) 210-2858

**BY EXPRESS MAIL:** I enclosed said document(s) in an envelope or package provided by the United States Postal Service and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the United States Postal Service.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 26, 2012, at Los Angeles, California.

Natalie Aronstein